[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs bring this five count complaint contesting the valuation by the assessor for the City of Hartford of their property known as 145 Sisson Avenue, Hartford, on the revaluation date of October 1, 1989. This appeal covers the grand lists of October 1, 1995, 1996, 1997 and 1998. CT Page 2961
145 Sisson Avenue is a four story apartment building containing fifty apartments consisting of one bedroom, a living room and kitchen. The subject building was constructed in 1969 on approximately 1.02 acres of land. Eight of the fifty apartments are located in the basement area of the building.
The assessor valued the subject premises on October 1, 1989, at $1,874,700, with an assessment value of $1,312,290. The City board of tax review reduced the 1989 tax assessment to $1,295,000 on the grand list of October 1, 1989, and further reduced the assessment on the grand list of October 1, 1995 to $1,277,500. An assessment of $1,277,500 is seventy percent of a fair market value of $1,825,000.
The plaintiffs' appraiser, John LoMonte, determined that the fair market value on the subject property as of October 1, 1989, was $1,255,000. LoMonte's valuation was based on a finding of value of $1,400,000 using the sales comparison approach and $1,160,000 using the income approach to value.
The City's appraiser, Christopher A. Italia, placed a fair market value on the subject property, as of October 1, 1989, of $1,875,000. Italia's valuation was based upon a sales comparison approach value of $1,925,000 and an income approach value of $1,840,000.
The subject property is located in the west end of Hartford, near the West Hartford town line. The immediate area of the subject is made up primarily of three family homes and brick apartment buildings of various sizes.
The market for the sale of apartment buildings was excellent in the last half of the 1980s. In the fall of 1989, sales of apartments were still strong but cracks began to show in the market. By the summer of 1990, the real estate market in Hartford dropped, with a number of banks failing. In October, 1989, not all buyers were aware that the economy was changing. At that time, the real estate market did not generally indicate that it was going to decline.
LoMonte used the sales comparison approach to survey the market for apartment buildings on a per room basis and a per unit basis. Italia surveyed the market for apartment buildings using only a per unit basis. Although "[a]partment properties are often CT Page 2962 analyzed on the basis of price per apartment unit and price per room," we consider the price per unit more applicable here because of the average unit size of the apartments used as unit of measurement by both appraisers. The Appraisal Institute, TheAppraisal of Real Estate (10th Ed. 1992) p. 372. A review of the comparable sales of both appraisers leads us to the conclusion that the most credible units for comparison are 37 Huntington Street, 57, 69-71 James Street and 61 Willard Street, and 29-31
Gillette Street. Analysis of these sales results in an adjusted per unit price of $37,500. Based upon this per unit value, the fifty unit subject would, in our determination, have a fair market value of $1,875,000 on October 1, 1989.
Using the income approach, both LoMonte and Italia arrived at basically the same effective gross income, $265,644, without considering laundry income. Using LoMonte's determination of $89,703 for the total expenses, we arrive at the net operating income of $175,941.
Using Italia's tax loaded capitalization rate of 10.5%, we arrive at a fair market value of the subject, using the income approach; of $1,675,628. Thus, under our sales comparison and income approaches, we end up with one value that is higher than the City's fair market value and one value that is lower. An average of the sales approach and the income approach produces a net valuation of $1,775,314. The difference between the valuation of the subject set by the board of tax review of $1,825,000 and the net of our findings is approximately 2.7%. Given the fact that the valuation of real estate is not an exact science; seeMacLean v. Town of Darien, 43 Conn. App. 169, 173, 682 A.2d 1064, cert. denied, 239 Conn. 943, 686 A.2d 122 (1996); we do not find the difference to be significant enough to upset the valuation of the subject property by the city as of October 1, 1989. The plaintiffs in this case have failed to meet their burden of showing that the City's valuation is excessive. We therefore dismiss the plaintiffs' appeal and enter judgment in favor of the defendant City without costs to either party.
Arnold W. Aronson Judge Trial Referee